IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CRIMINAL ACTION: 2:89-00021-KD |
| ) | |
| STEVEN G. SMITHERMAN, ) | |
|     Defendant. ) | |

**ORDER**

    This matter is before the Court on the United States of America (the Government)'s Motion to Correct a Clerical Error in the Judgment (Doc. 2) and Defendant Steven G. Smitherman (Smitherman)'s Joinder in the Government's motion (Doc. 4).

    On February 3, 1989, a federal grand jury returned a three (3) count indictment charging Smitherman with: Count One – Intimidation of a Witness in violation of 18 U.S.C. § 1512(b)(1); Count Two – Attempt to possess cocaine in violation of 21 U.S.C. §§ 844(a) and 846; Count Three – Deprivation of Civil Rights in violation of 18 U.S.C. § 242. (Doc. 1-1). The Government dismissed Count One of the indictment, and on March 13, 1989 Smitherman entered a guilty plea to Counts Two and Three.

    On May 24, 1989, Smitherman was sentenced to a term of imprisonment of six (6) months, without parole, as to Count Two, and six (6) months, without parole, as to Count Three, to run concurrently with each other. (Doc. 1-2 at 2). Smitherman was further ordered to serve a one year term of supervise release upon release from custody. (Id. at 3). The Court imposed a fine of $1,000 as to Count Two, and ordered Smitherman to pay a $50 special assessment as to each count of conviction for a total of $100. (Id. at 5). The Court recommended Smitherman be "confined at Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama." (Id. at 2).

On July 30, 2020, Smitherman, through counsel, filed a civil action in this Court, against the United States Department of Justice (DOJ), the Federal Bureau of Investigation (FBI), and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), namely CV 2:20-00377-KD-N. Smitherman alleges he has been denied the ability to purchase a firearm and obtain a pistol permit because the FBI, through the National Instant Criminal Background Check System (NICS), has determined that his conviction in the instant case (CR 2:89-00021) is a felony conviction, making him a prohibited person under 18 U.S.C. § 922(g).

Now, pursuant to <u>Federal Rule of Criminal Procedure</u> Rule 36 the Government seeks to amend the Judgment in this case based on oversight or omission -- to have the Judgment reflect that Smitherman was convicted of two (2) misdemeanor charges. The Government contends that the record indicates Smitherman was convicted of two (2) misdemeanors in this case.  As such, the Government requests that this Court correct a clerical error in the Judgment "by adding a notation that the two counts for which Smitherman was convicted are *misdemeanor* convictions. As is, and without any clarification, the Judgment is interpreted by the FBI and the NICS to contain a sentence for at least one felony conviction. This interpretation is the mechanism by which the FBI and the NICS are denying Smitherman the ability to purchase a firearm or obtain a pistol permit."  (Doc. 2 at 4).  In the alternative, the Government seeks an order clarifying that Smitherman's convictions were misdemeanors (to "negate the need for protracted litigation" in CV 2:20-377-KD-N).  (Doc. 2 at 5).

In his Joinder to the Government's motion, Smitherman requests as follows:

...that this Court include *additional* clarifying language in its order stating, or substantially similar to, the following:

> "Nothing in the judgment of this Court in the instant case shall prohibit the defendant from the receipt of a firearm or a pistol permit pursuant to 18 U.S.C. Section 922(g) or (n), or any other part or provision of the Brady Handgun Violence Prevention Act."

...defendant submits that the inclusion of the above language will clarify the relief requested by the United States in its motion ... and will not make a substantive

alteration to the criminal sentence entered by this Court in the instant case.

(Doc. 4 (emphasis in original)).

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure: [a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  Rule 36 thus allows a district court to correct a clerical error or an error in the record arising from oversight or omission, but it does not permit substantive alterations to a sentence. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

Upon consideration, there is no "clerical error" in the Judgment to correct. The Court thus has no authority to amend the judgment.  As such, the Government's motion to correct a clerical error in the Judgment, and Smitherman's Joinder with regard to same, are **DENIED**.

As to the Government's alternative request, to issue a "clarifying statement," such is also **DENIED**.  The issue before the Court is whether the FBI and ATF erroneously determined that Smitherman is prohibited from possessing a firearm based on his federal conviction which the FBI/ATF deem to be a felony. **In response, and on behalf of the FBI and ATF, the Government agrees that Smitherman was not convicted of a felony offense and that the offenses of convictions are misdemeanors.**[1]  As such, the Government admits that the FBI/ATF were incorrect to withhold the firearm, at least based on the erroneous assumption that the convictions were felony convictions.  However, rather than the FBI/ATF correcting their mistake, the Government argues that they need a statement from this Court affirming this conclusion before the FBI/ATF will correct their error.  By this request, the Government misunderstands the role of the Court.  Notably, the Court's role is limited, pursuant to Article III, to resolving actual

---

[1] If the FBI/ATF refuses to correct the alleged error after receiving a legal opinion from their counsel who represents them in Court, then litigation should continue.  And, if the Court determines that the FBI/ATF have acted erroneously, they may be held accountable pursuant to the relief requested by the plaintiff.

controversies. Since both parties agree that the convictions were misdemeanors, there is no actual controversy for the Court to resolve.

The mechanism for resolving this dispute appears to be by settlement or summary judgment, but no party has moved for summary judgment. Moreover, the parties could also agree to a judgment to be entered by the Court.

**DONE** and **ORDERED** this the **13th** day of **January 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**